R. Andrew DIXON, Movant,

v.

KENTUCKY BAR
ASSOCIATION, Respondent.

No. 91–SC–068–KB.

Supreme Court of Kentucky.

March 14, 1991.

Samuel G. Hayward, R. Andrew Dixon, Louisville, for movant.

Ray Clooney, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

Movant, R. Andrew Dixon, has moved for permission to resign from the Kentucky Bar Association under the terms of disbarment. Movant's verified motion recites that the grounds therefor concern his engagement in unethical and unprofessional conduct by misappropriating approximately $38,475.00 from a trust fund of which he was the trustee and that he, pursuant to an agreed judgment, has made and entered into a plan to restore the misappropriated funds to the trust and to the beneficiary. Movant further acknowledges that his conduct is in violation of SCR 3.130–8.3 which prohibits a lawyer from engaging in conduct involving dishonest, fraud, deceit, or misrepresentation. The Association responded that it has no objection to the motion to resign under terms of disbarment.

Therefore, it is ordered that R. Andrew Dixon's motion to resign from the Kentucky Bar Association under terms of disbarment is granted. It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five years from the date the Court enters an order granting his motion to resign under terms of disbarment.

3. Movant shall not file an application for reinstatement following the five year period unless he presents satisfactory evidence that he has satisfied the financial obligations of the agreed judgment and plans to restore the misappropriated funds to the Armer Tucker Monroe Trust and to the beneficiary, Doris Mae Vallandingham.

4. Notwithstanding the five year period mentioned above, the Movant shall not file an application for reinstatement if there are any outstanding claims or unsatisfied judgments for money owed to the trust or any other client resulting from Movant's practice of law. Nor shall Movant file an application for reinstatement if the Ken-

tucky Bar Association's client's security fund holds an unpaid claim against him.

5. Any application for reinstatement filed by the Movant shall be governed by SCR 3.520, Reinstatement in Cases of Disbarment, or any subsequent amendment to SCR 3.520. Any investigation or other disciplinary proceeding initiated by the Inquiry Tribunal shall be terminated with the cost to be paid by the Movant in accordance with SCR 3.450(1) and SCR 3.480(3).

6. Movant shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining counsel. Movant shall promptly return all active files to his clients.

All concur.

ENTERED: March 14, 1991.

/s/ Robert F. Stephens
Chief Justice